UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DIANE CONTRERAS,**

    **Plaintiff,**

v.                                          **CIV No. 01-1161 LH/DJS**

**STATE OF NEW MEXICO,**
**Children, Youth and Families**
**Department,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment (Docket No. 30). The Court, having considered Defendant's motion and supporting memorandum, concludes that Defendant's motion is not well-taken and shall be **denied**.

### Discussion

Despite a *sua sponte* extension of time afforded by the Court to Plaintiff to file a brief in response to this motion, Plaintiff has not done so. Her failure to file such a brief results in a waiver of her right to file a response or to controvert the facts asserted in the summary judgment motion. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). The Court notes that Local Rule 7.1(b) states that the failure of a party to file and serve a timely response in opposition to a motion constitutes "consent to grant the motion". The Tenth Circuit has recently clarified, in several

1

opinions however, that a non-moving party's failure to file a response to a motion for summary judgment does not relieve the Court of its duty to make specific determinations required by FED.R.CIV.P. 56(c). *Id.* ; *Murray v. City of Tahlequah,* Ok., 312 F.3d 1196 (10th Cir. 2002); *see also Parker v. Central Kansas Medical Center*, 2003 WL 408109 (10th Cir. Feb. 24, 2003)(unpublished).[1] Accordingly, this Court may grant Defendant's motion only if it demonstrates that no genuine issues of material facts exist and that Defendant is entitled to judgment as a matter of law.[2] Thus, it is now incumbent on the Court to determine if Defendant's motion is properly "supported" as required by Rule 56(c).

First of all, I will analyze the facts asserted in the summary judgment motion. As noted above, given Plaintiff's failure to file a responsive brief, these facts will be deemed admitted by Plaintiff. Fact Number Eight indicates that Plaintiff's employment at the Boys' School continues and that she has not been terminated, nor has she resigned. Many of these Undisputed Material Facts state the contentions of Plaintiff or contain information about the filing of a different federal lawsuit. The remainder are assertions about an admittedly crude comment, as alleged in Paragraph 53 of Plaintiff's Complaint. None of these now admitted facts add anything to the analysis I perform in the following paragraphs.

---

[1] Alternatively, if a Court desired to grant summary judgment as a sanction, it must consider those factors set forth in *Meade v. Grubbs*, 841 F.2d 1512(10th Cir. 1988) and *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). In this case, granting this motion as a sanction is not warranted by the mere fact that Plaintiff did not respond to the motion.

[2] I note that Rule 56(e) anticipates the failure of a non-movant to file a response and contemplates the consequences of failing to oppose a summary judgment motion:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

I note at the outset that, for purposes of its motion, in footnote 2 of its brief, Defendant states that it will assume that Plaintiff's allegations are true and correct. Some of Plaintiff's allegations, relevant to her claims of discrimination, retaliation and reprisal include, but are not limited to, the following:

- During an New Mexico Boys School ("NMBS") June 1999 training, Plaintiff was subjected to demeaning treatment, intimidation, ridicule and embarrassment constituting harassment based on her gender. (Complaint, ¶ 15).
- On July 28, 1999, an internal investigation was conducted. Her complaints were not taken seriously by Children, Youth and Families Department ("CYFD") (*Id.,* ¶16).
- Plaintiff, after filing a sexual harassment complaint against Defendant's management representative Bochenek, was transferred under his direct supervision on October 14, 1999 (*Id.*, ¶ 18).
- In October 1999, Plaintiff was given additional work responsibilities but was not compensated for these additional duties. She was informed that her flexible work schedule would be canceled. (*Id.*, ¶¶20, 21).
- Bochenek continued to attend meetings even when Plaintiff was not under his direct supervision, in order to harass, intimidate, ridicule and embarrass her. (*Id.*, ¶ 24).
- By December 1999, Bochenek was harassing, intimidating, ridiculing and becoming physically aggressive toward Plaintiff's immediate supervisor for the supervisor's perceived support of Plaintiff. (*Id.*, ¶ 30).
- Bochenek treated Plaintiff differently regarding submission of her time sheets. This is a form of ongoing retaliation, harassment, intimidation and ridicule. (*Id.*, ¶ 33).
- Plaintiff believes that Bochenek structures her work assignments in an effort to sabotage her work, place her behind in her regular duties, and create cause to criticize, degrade, humiliate and embarrass her (*Id.*, ¶ 34).
- On March 22, 2000, Plaintiff and several other female employees filed an action against defendant and various named male co-defendants for violation of civil rights, sexual harassment, and retaliation (*Id.*, ¶ 38).
- Plaintiff's phone calls were transferred to Bochenek' office after three unanswered rings or if Plaintiff was on the phone. This constitutes ongoing harassment and retaliation (*Id.*, ¶ 39).
- On April 6, 2000, Bochenek came close up behind Plaintiff and muttered "fucking bitch". This is an ongoing effort to harass, intimidate, belittle, degrade, embarrass and frighten her (*Id.*, ¶ 40).
- A Juvenile Corrections Officer, Gerald Cruz, approached a resident of NMSB, and stated,"Did you clean Ms. Contreras's bathroom? Did you smell her pussy?" (*Id.*, ¶ 53). The resident reported this incident to the Multidisciplinary Treatment Team at NMBS, however as far as Plaintiff knows, no action was taken regarding this incident (*Id.*, ¶ 55).
- In addition, there were several other, similar incidents, and similar comments made

- (*Id*., ¶ 54).
- The effect of such comments being made by Juvenile Corrections Officers, with the encouragement of Defendant's management representatives Cruz and Bochenek, is to undermine Plaintiff's authority with juvenile residents of NMBS and to subject her to potential dangers (*Id*., ¶ 56).

The Court underscores the fact that Defendant stated in its brief at footnote 2 that, for purposes of its motion only, it assumed these allegations to be true.

Assuming these allegations to be true, Defendant's motion must be denied. Defendant's motion does not demonstrate the absence of a genuine issue of material fact. Defendant has not met its initial burden of production in establishing that there is no factual dispute on the issues of whether or not Plaintiff was subjected to retaliation and/or sexual discrimination and harassment.

In fact, Defendant's motion does not even ask this Court to dismiss Plaintiff's claim of sexual discrimination. Rather, it focuses on the incident alleged in Paragraph 53 of the complaint, arguing that Plaintiff was not retaliated against because she was not subjected to any adverse employment action. Defendant contends that this crude comment does not rise to the level of an adverse employment action. It also contends that this crude comment does not constitute harassment pervasive or severe enough to alter the terms, conditions or privileges of employment or that the harassment stemmed from gender-related animus. The Court is frankly perplexed as to why Defendant focuses primarily on this one crude comment, in light of its willingness to consider *all* of Plaintiff's allegations to be true. Again, Defendant argues only that this comment does not establish retaliation or harassment; it makes no argument as to Plaintiff's sexual discrimination claim.

Contrary to Defendant's arguments, this one crude comment did not occur in a vacuum, it was not one isolated remark. This is not the case of a "mere utterance." Clearly, reading all allegations as a whole and accepting them as true, Plaintiff's complaint sufficiently creates a question

4

of fact as to adverse employment action for the retaliation claim and sufficient questions of fact on the issues of harassment and a hostile work environment. Because Defendant has not sought dismissal of the sex discrimination claim, it is unnecessary for this Court to address that claim.

**WHEREFORE,** for the reasons above stated, Defendant's Motion for Summary Judgment (Docket No. 30) is hereby **denied**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**